**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

VIRGINIA McKEE NOEL f/k/a
VIRGINIA DeCELL McKEE                                                                        PLAINTIFF

v.                                            Case No. 3:10CV00107 JLH

LIBERTY BANK OF ARKANSAS                                                              DEFENDANT

**OPINION AND ORDER**

Virginia Noel commenced this action against Liberty Bank of Arkansas on May 12, 2010. Noel, a Georgia resident, is both a trustee and beneficiary of the Rose N. McKee Living Trust. Her complaint alleges that Liberty Bank or Stephens Inc. committed multiple errors in a series of transfers of investment securities owned by the McKee Living Trust. She seeks equitable relief in the form of an accounting and production of information and documentation, along with all appropriate damages discovered by the accounting. Liberty Bank, an Arkansas entity, has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, Liberty Bank's motion to dismiss is denied.

**I.**

Liberty Bank first moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Noel's complaint is based on diversity jurisdiction under 28 U.S.C. § 1332, which provides that federal district courts shall have original jurisdiction over all civil actions where (1) the amount in controversy exceeds $75,000 and (2) the dispute is between citizens of different states.

**A.    AMOUNT IN CONTROVERSY**

Liberty Bank argues that Noel's complaint fails to make a specific allegation demonstrating that the amount in controversy exceeds $75,000. Noel responds that her complaint, which seeks

equitable relief, clearly alleges an amount in controversy that exceeds $75,000.

The party asserting federal jurisdiction generally has the burden of establishing that the amount in controversy exceeds $75,000. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). When a plaintiff alleges a sufficient amount in controversy, "but the opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000) (quoting *Missouri v. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995)) (superceded by statute on other grounds). Thereafter, "the complaint will be dismissed if it appears 'to a legal certainty' that the value of the claim is actually less than the required amount." *Id.*

In an action for declaratory or injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *James Neff Kramper Family Farm Partnership v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 2443, 53 L. Ed. 2d 383 (1977)). *See also Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003) (where plaintiffs sought equitable relief in the form of an accounting of trust assets and cash flows, the amount in controversy was measured by the value of the object of the litigation); *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 640 (5th Cir. 2003) (interpreting *Hunt* statement about measuring the amount in controversy as applicable to cases in which plaintiff seeks equitable relief). However, there is disagreement as to the perspective from which the value of the object of the litigation should be established. *See J.C. Corporate Mgmt., Inc. v. Resource Bank*, 2005 WL 2206086, at *4 (E.D. Mo. Sept. 12, 2005). In measuring the value of the object of litigation, there are generally three different

approaches: (1) the "plaintiff viewpoint" rule; (2) the "either viewpoint" rule; and (3) the "party asserting jurisdiction" rule. *See id.* at *4 n.5. In a suit for injunctive relief, the Eighth Circuit generally follows the "plaintiff viewpoint" rule and measures the value of the object of the litigation by the value to the plaintiff of the right sought to be enforced. *Burns v. Mass. Mut. Life Ins. Co.*, 820 F.2d 246, 248 (8th Cir. 1987); *Mass. State Pharm. Assn' v. Fed. Prescription Service, Inc.*, 431 F.2d 130, 132 (8th Cir. 1970); *DAKDT, Inc. v. All Green Acquisition Corp.*, 2007 WL 1875536, at *4 (D. N.D. 2007) ("In determining the value [in an action seeking equitable relief], for amount-in-controversy purposes, the Eighth Circuit has generally viewed the value from the perspective of the plaintiff."); *Commercial Coverage, Inc. v. Paradigm Ins. Co.*, 998 F. Supp. 1088, 1092 (E.D. Mo. 1998) ("The amount-in-controversy, for purposes of establishing diversity jurisdiction, in a suit for injunctive relief is measured by the value to the plaintiff of the claim asserted or sought to be enforced."). "Where affirmative relief is sought by an accounting, the amount in controversy is measured by the value of the *res*, the damage to the *res* sought to be redressed, or the monetary value of the complainant's share of the *res* which is distributable." *Garcia*, 351 F.3d at 641 (quoting *Davidson v. Blaustein*, 247 F. Supp. 225, 228 (D.C. Md. 1965)). *But see Ditolla v. Doral Dental IPA of New York, LLC*, 2006 WL 5618179, at *2 (E.D.N.Y. Apr. 21, 2006), *aff'd* 469 F.3d 271 (2d Cir 2006) (characterizing the rule cited in *Blaustein* as an "oft-cited, but inconsistently applied rule" that has not been adopted by any Second Circuit precedent).

Noel has asserted that this Court has diversity jurisdiction. In challenging the amount in controversy, Liberty Bank states only:

> [P]laintiff makes a generalized allegation that the controversy exceeds the sum or value of $75,000.00. However, plaintiff's Complaint is absent of any specific allegation which would allow the respondent herein to reasonably ascertain that any

3

amount in controversy would in fact exceed $75,000.00.

In response, Noel points out that her complaint alleges that over $3,000,000 in Trust assets were transferred in error by Liberty Bank. Specifically, she alleges that assets of three different mutual funds—valued at $120,000, $2,800,000, and $370,000—were over-delivered to Stephens in error. She alleges that those "over-delivered" assets, which likely belonged to her family, improperly came into and then left the Trust account at Stephens. In support, Noel attached to her complaint account statements from Liberty Bank, Stephens, and the Trust.

Normally, "[c]alculating the amount in controversy in an action for an accounting is not a straightforward task . . ., [and] a monetary value cannot be easily assigned." *DiTolla v. Doral Dental IPA of New York*, 469 F.3d 271, 276 (2d Cir. 2006). Where a plaintiff seeks only a general accounting of a trust, there may not be a sufficient showing that the amount in controversy exceeds $75,000. For example, in *Macken v. Jensen*, the plaintiff sought only copies of trust documents and a general accounting to ensure prudent management of the trust, without contending that the trust failed to honor specific financial obligations. The plaintiff argued that jurisdiction was automatic since the trust corpus exceeded $75,000. The district court dismissed for lack of subject matter jurisdiction. On appeal, the Seventh Circuit agreed, holding that the actual amount in controversy did not exceed the jurisdictional amount because the cost of turning over copies was negligible, and the complaint failed to contend that an audit of the trust would exceed $75,000. *Macken*, 333 F.3d at 799-800. *See also Ditolla*, 2006 WL 5618179, at *2-3 (relying on *Macken* in holding that jurisdictional amount was not met where plaintiff sought information only and could not estimate the value of the information); *Commercial Coverage, Inc.*, 998 F. Supp. at 1092 (where plaintiff sought only a general accounting of the business it had generated for the defendant, the court

assumed that plaintiff lacked the necessary information to support a specific claim for damages, so any assertion that the value of the plaintiff's proprietary information exceeded $75,000 was mere speculation). *But see Cheek v. Horton*, 2008 WL 3500369, at *2 (E.D. La. Aug. 11, 2008) (relying on the rule set forth in *Garcia* and *Blaustein* in holding that the amount in controversy exceeded $75,000 where the plaintiff sought an accounting and partitioning of a trust, the value of which exceeded $2,000,000).

Here, however, Noel does not seek an accounting to discern whether the Trust has generally been mismanaged. As both a trustee and a beneficiary of the Trust, Noel has a direct interest in the allegedly over-delivered assets. Noel seeks an accounting specifically to determine the cause of transfer errors that allegedly resulted in over-deliveries of assets from three different mutual funds valued at $120,000, $2,800,000, and $370,000. Attached to her complaint are account records from Liberty Bank, Stephens, and the Trust, which according to Noel show discrepancies in the asset transfers. The amount in controversy is not some speculative amount of damages that Noel may discover as a result of the accounting, but instead is specifically the amount of those allegedly over-delivered mutual fund assets. That amount exceeds $75,000.

**B.    DIVERSITY OF CITIZENSHIP**

Liberty Bank argues that there is no diversity of citizenship. Liberty Bank says that Noel brought suit only in her individual capacity and that, based on the complaint's allegations, she has no standing to assert individual capacity claims.[1] Had she sued in her capacity as trustee, Liberty

---

[1] Liberty Bank seems to assert that Noel does not have standing because she sued in her individual capacity but failed to allege that Liberty Bank has caused her injury. However, Noel's complaint seeks an accounting of the Trust, and she seeks an accounting based on her capacity as both a trustee and a beneficiary. Thus, to the extent that Liberty Bank takes issue with Noel's standing based on the fact that her complaint has not alleged a specific injury caused by Liberty

Bank says that diversity jurisdiction would be defeated since the McKee Living Trust is located in Arkansas. Noel responds that she has sued in her capacities as a trustee and beneficiary, both of which entitle her to bring suit as a resident of Georgia.

Noel's complaint clearly indicates that she is suing in her capacity as a trustee of the McKee Living Trust. As such, she is entitled to bring this diversity action in her own name and upon the basis of her own citizenship:

> As early as 1808, [the Supreme Court] stated that trustees of an express trust are entitled to bring diversity actions in their own names and upon the basis of their own citizenship. Federal Rule of Civil Procedure 17(a) now provides that such trustees are real parties in interest for procedural purposes.

*Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 462, 100 S. Ct. 1779, 1782, 64 L. Ed. 2d 425 (1980) (internal citation omitted); *Wapensky v. John Hancock Mut. Life Ins. Co.*, 774 F. Supp. 1119, 1122 n.2 (N.D. Ill. 1991) ("To establish diversity under 28 U.S.C. § 1332(a)(1) . . ., it is the citizenship of each Trustee that matters, not that of the Trust.") (citing *Navarro Sav. Ass'n*, 446 U.S. at 462-65, 100 S. Ct. at 1782-84).

Noel is a citizen of Georgia. Liberty Bank is an Arkansas entity. Noel, in her capacities as a trustee and a beneficiary, seeks equitable relief in the form of an accounting of the McKee Living Trust. She has standing to seek an accounting as both a trustee and a beneficiary, and it is her citizenship that matters, not the site of the Trust. Therefore, diversity of citizenship is not defeated.

## II.

Liberty Bank's motion also seeks dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In ruling on a Rule 12(b)(6) motion to dismiss, the court

---

Bank, that argument is misplaced.

"accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999) (quoting Fed. R. Civ. P. 8(a)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). Stated differently, the plaintiff must "raise a right to relief above a speculative level." *Schaaf*, 517 F.3d at 549.

Liberty Bank argues that the complaint fails to state a claim because it makes "no specific allegation of wrongdoing on the part of Liberty Bank of Arkansas." It says that the complaint "fails to state with any clarity what duty supposedly Liberty Bank has violated in this matter."

As with its argument on Noel's standing, Liberty Bank's argument here is misplaced. Noel's complaint does not allege that she was injured by some specific misconduct by Liberty Bank. Her complaint alleges that there were errors in transfers of assets from three different mutual funds, resulting in an over-delivery of assets valued at more than $3,000,000. Those funds were transferred from Liberty Bank to Stephens, and the complaint alleges that discrepancies between the Liberty Bank and Stephens account statements show that transfer errors occurred. The complaint then seeks

an accounting from Liberty Bank so as to discern the source and nature of the allegedly over-delivered assets.

As a trustee and beneficiary of the McKee Living Trust, Noel has standing to bring an equitable action for an accounting. Her complaint extensively sets forth the history and nature of the Trust, the transfers that occurred from the three mutual funds in question, and the conflicts between the Stephens and Liberty Bank account statements. Therefore, accepting the complaint's factual allegations as true, the Court finds that the factual allegations are sufficient to support a claim for the equitable relief of an accounting.

## CONCLUSION

For the foregoing reasons, the Court finds that the amount in controversy exceeds the jurisdictional amount, and this action is between parties of diverse citizenship. The Court also finds that Noel's complaint sets forth factual allegations sufficient to state a claim seeking equitable relief in the form of an accounting. Therefore, Liberty Bank's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim is DENIED. Document #3.

IT IS SO ORDERED this 16th day of July, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE