IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

VIRGINIA McKEE NOEL f/k/a
VIRGINIA DeCELL McKEE                                              PLAINTIFF

VS.                    Case No. 3:10CV00107 JLH

LIBERTY BANK OF ARKANSAS                                           DEFENDANT

## PROTECTIVE ORDER

This Protective Order governs the parties to this action and their lawyers, as follows:

1. All documents, information, copies, transcriptions, or other reproductions of documents or information (hereinafter "Information") produced in this action that contain, describe, identify, or refer to trade secrets or other information the confidentiality or privacy of which is protected by statute may be stamped "CONFIDENTIAL" by the producing party and, if so stamped, will be subject to the provisions of this Protective Order.

2. A lawyer who wishes to challenge the "CONFIDENTIAL" designation may be the producing party of any Information must first attempt in good faith to confer with lawyers for the producing party in an effort to resolve the issue amicably. If agreement cannot be reached, the challenging party may file a motion asking the Court to remove the designation. The motion should describe with specificity the particular Information for which the designation is being challenged and set forth with specificity why the Information is not properly designated as "CONFIDENTIAL." The party seeking to maintain Information as "CONFIDENTIAL" generally will bear the burden of providing that the designation is proper. Information designated as "CONFIDENTIAL" will continue to be treated as such and subject to the provisions of this Protective Order pending determination by the Court of the merits of any such challenge. Failure to challenge the "CONFIDENTIAL" designation within a reasonable time may result in summary dismissal of the

challenge.

3. Information designated as "CONFIDENTIAL" may be used only for this action and for no other action or purpose. Information designated as "CONFIDENTIAL" may not, without leave of this Court, be disclosed to any person or entity other than this Court (under seal) except as stated in the Protective Order.

4. The disclosure by a lawyer of Information designated as "CONFIDENTIAL" to that lawyer's client, to paralegals or clerical staff employed by that lawyer's office, or to experts retained by that lawyer, will not constitute a violation of or a waiver of the protections afforded by this Protective Order so long as the person to whom disclosure is made has executed an Affidavit in the form attached hereto as Exhibit A. A lawyer who discloses Information designated as "CONFIDENTIAL" pursuant to this paragraph must maintain each Affidavit executed by persons to whom that lawyer has disclosed Information designated as "CONFIDENTIAL."

5. If Information designated as "CONFIDENTIAL" is to be identified, discussed, or disclosed during a deposition taken in this action of any person or entity other than those persons or entities described in paragraphs 3 or 4 above, the deponent must be required to acknowledge on the record, before any identification, discussion or disclosure of Information occurs, that he or she has been advised of and has agreed to be bound by the terms of this Protective Order.

6. A party may designate as "CONFIDENTIAL" portions of any deposition transcript wherein Information designated as "CONFIDENTIAL" is identified, discussed, or disclosed. Portions of a deposition transcript so designated will be subject to the terms of this Protective Order. The designation must be made on the record during the deposition or by letter sent by facsimile or electronic mail to opposing counsel within five business days after receipt of the transcript. The portions of a deposition transcript that mention or discuss Information designated as

"CONFIDENTIAL" must be treated as "CONFIDENTIAL" and therefore subject to this Protective Order until 5:00 p.m. Central Time on the fifth business day after receipt of the transcript. All portions of the deposition transcript not designated as "CONFIDENTIAL" by 5:00 p.m. Central Time on the fifth business day after receipt of the transcript are excluded from the protections of this Protective Order.

7. If, during the course of pre-trial or trial proceedings, a lawyer for a party intends to identify, discuss, or disclose Information produced by the opposing party and designated as "CONFIDENTIAL," that lawyer must give prior notice to opposing counsel so that the producing party may seek appropriate protection.

8. If Information designated as "CONFIDENTIAL" is filed with the Clerk of this Court, it must be filed in a sealed envelope in compliance with Section IV.B of this Court's CM/ECF Administrative Policies and Procedures Manual for Civil Filings. The sealed envelope also must contain the following statement:

> CONFIDENTIAL: THE CONTENTS OF THIS ENVELOPE ARE NOT TO BE SCANNED AND ARE SUBJECT TO A PROTECTIVE ORDER OF THIS COURT AND SHALL NOT BE SHOWN TO ANY PERSONS OTHER THAN A JUDGE OF THIS COURT OR AN ATTORNEY IN THIS CASE.

9. No lawyer for a party may comment in the presence of the jury on the reasons or motivation for designating Information as "CONFIDENTIAL" without first having obtained permission of the Court to do so.

10. This Protective Order will be binding until this action is finally concluded and thereafter for so long as the confidentiality or privacy of Information designated as "CONFIDENTIAL" would be protected by statute.

11. Within sixty (60) days after final adjudication of this action, all Information

designated as "CONFIDENTIAL" by the producing party must be destroyed or returned. Upon request by the producing party, a party must verify that all such items have been destroyed or returned to the producing party. The verification must by made by Affidavit in the form of Exhibit B to this Protective Order.

12. Nothing in this Protective Order will preclude a party from seeking additional protection for Information designated as "CONFIDENTIAL" or from otherwise seeking a modification of this Protective Order.

13. Nothing in this Protective Order will prevent this Court from disclosing any facts relied upon by it in making or rendering any finding, ruling, order, judgment or decree of whatever description.

IT IS SO ORDERED this 3rd day of November, 2010.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

**PREPARED AND APPROVED:**

JAMES, FINK & HOUSE, P.A.
P.O. Box 3585
Little Rock, AR 72203
(P) (501) 372-6555
(F) (501) 372-6333
mhouse@jamesandhouse.com

ATTORNEYS FOR PLAINTIFF

By: _____
Matthew R. House, Esq.

SNELLGROVE, LANGLEY, CULPEPPER, WILLIAMS & MULLALLY
P.O. Box 1346
111 East Huntington Avenue, 2nd Floor
Jonesboro, AR 72403-1346
(P) (870) 932-8357
(F) (870) 932-5488
matt@snellgrovefirm.com

ATTORNEYS FOR DEFENDANT

By: _____
Matt Modelevsky, Esq.

4

## EXHIBIT A

## AFFIDAVIT OF _____

STATE OF _____ )
                             )SS
COUNTY OF _____ )

Before me, the undersigned Notary Public, in and for said County and State, personally appeared _____, who after first being duly sworn, states as follows:

1. My name is _____. I am over the age of 18 years and am a resident of _____ County, _____. I make this Affidavit based upon my personal knowledge, and I am competent to testify to the matters stated herein.

2. I am aware that a Protective Order has been entered in <u>Virginia McKee Noel v. Liberty Bank of Arkansas</u>, Case No. 3:10CV00107 JLH, which is pending in the United States District Court for the Eastern District of Arkansas, Western Division. A copy of that Protective Order has been shown to me, and I have read and understand its contents.

3. By signing this Affidavit, I promise that I will use the Information designated "CONFIDENTIAL" pursuant to the above-described Protective Order for the purpose of assisting counsel for a party to the above-described civil action in the adjudication of that action, or for the purpose of preparing testimony for that action, and for no other purpose.

4. By signing this Affidavit, I also promise that I will not communicate, disclose, discuss, identify, or otherwise use Information designated "CONFIDENTIAL" pursuant to the above-described Protective Order with, to, or for any person or entity other than the Court, a party to the above-described civil action, counsel for a party to the above-described civil action, including other counsel, paralegals, and clerical staff employed in his or her office, persons permitted by the above-described Protective Order to attend depositions taken in the above-described civil action, and persons or entities assisting such counsel who have executed an Affidavit in the same form as this

Affidavit.

5. By signing this Affidavit, I also promise that I will not copy, transcribe, or otherwise reproduce, or cause to be copied, transcribed, or otherwise reproduced, by any means whatsoever, any Information designated "CONFIDENTIAL" pursuant to the above-described Protective Order except to the extent to which I am directed to do so by counsel for a party to the above-described civil action, in which case all such copies, transcriptions, or reproductions shall be made solely for my own use in connection with my work in the above matter. I further promise at the conclusion of this case to deliver upon request all Information (originals and copies) designated "CONFIDENTIAL" to the counsel who originally directed that Information be provided to me.

6. I understand that, by signing this agreement, I am agreeing to subject myself to the jurisdiction of this Court.

7. I understand that any use or distribution of Information designated "CONFIDENTIAL" pursuant to the above-described Protective Order in any manner contrary to the provisions of the Protective Order will subject me, among other things, to the sanctions of this Court for contempt.

FURTHER AFFIANT SAYETH NOT.

_____
Signature of Affiant

Subscribed and sworn to before me, this ____ day of _____, 2010.

_____
Notary Public

My Commission Expires:
_____

2

## EXHIBIT B

## AFFIDAVIT OF _____

STATE OF _____ )
                        )SS
COUNTY OF _____  )

Before me, the undersigned Notary Public, in and for said County and State, personally appeared _____, Esq., who after first being duly sworn, states as follows:

1. My name is _____. I am an attorney with the law firm of _____. I make this Affidavit based upon my personal knowledge, and I am competent to testify to the matters stated herein.

2. All Information designated as "CONFIDENTIAL" by the opposing party in <u>Virginia McKee Noel v. Liberty Bank of Arkansas</u>, Case No. 3:10CV00107 JLH, has been destroyed or returned to the opposing party as required by the Protective Order in that case.

FURTHER AFFIANT SAYETH NOT.

_____
Signature of Affiant

Subscribed and sworn to before me, this ____ day of _____, 2010.

_____
Notary Public

My Commission Expires:
_____